IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-132-RAW |
| | ) |
| KENDALL LEN BURGESS, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Before the court is the motion of defendant to sever the trial of Count 4 from the trial of Counts 1 and 2. Defendant is charged in Count One with aggravated sexual abuse in Indian Country "[o]n dates uncertain to the Grand Jury from in or about November 2018 to on or about April 19, 2019." He is charged in Count Two with abusive sexual contact in Indian Country "[o]n dates uncertain to the Grand Jury from in or about November 2018 to on or about April 19, 2019." He is charged in Count Four with assault by striking, beating, or wounding in Indian Country on or about August 18, 2020[*].

Rule 8(a) F.R.Cr.P. provides that offenses may be joined "if the offenses charged – whether felonies or misdemeanors – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or

---

[*]A co-defendant was charged solely in Count Three, and has pled guilty. As the indictment notes, Count Four is a misdemeanor. It appears, however, to be a Class A misdemeanor, which carries the right to jury trial.

plan." Rule 8(a) is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system. *United States v. Jones,* 530 F.3d 1292, 1298 (10th Cir.2008).

"[T]he propriety of joining offenses in a single instrument is typically determined by examining the allegations in the indictment. Some courts, however, have looked beyond the face of the indictment at other evidence to determine if joinder is proper." 1A Wright & Leipold, *Federal Practice and Procedure,* §144 at 41-42 (2020 ed.)(footnotes omitted). The Tenth Circuit evidently has not explicitly addressed this issue, but this court is persuaded that "Tenth Circuit opinions analyzing joinder show the Tenth Circuit does not limit district courts to the face of the indictment." *United States v. Garrison,* 2016 WL 8416756, *1 (D.Colo.2016), *aff'd,* 761 Fed.Appx. 808 (10th Cir.2019). Thus, "the Court finds that it may analyze a Rule 8(a) challenge by reviewing the indictment as well as representations made by the government in briefing." *Id.* at *2.

The distinction is pertinent to this case because, solely on the face of the indictment, Count Four is over a year distant in time from Counts One and Two and is not the same type of charge. In the government's response (#48) to the present motion, the government asserts that defendant had been eluding authorities and the alleged assault took place during defendant's arrest. In the court's view, this is sufficient to allow joinder. *See United States v. Buckley,* 216 F.3d 1088 (10th Cir.2000)(charges for bank robbery and subsequent assault were properly joined where assault was committed to avoid arrest for bank robbery).

Even if joinder is proper under Rule 8, a district court may decide to order separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant." *See* Rule 14(a) F.R.Cr.P.  To show prejudice, the defendant must demonstrate that his right to a fair trial is threatened or actually deprived.  *United States v. Maxwell,* 492 Fed. Appx. 860, 865 (10th Cir.2012).  The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts.  *Id.*  A defendant who wishes to remain silent on some counts and testify as to other counts is not entitled to a severance under Rule 14 without a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.  *United States v. Martin,* 18 F.3d 1515, 158-19 (10th Cir.1994).

Defendant contends that the prejudice is that the government will use the allegation of assault in Count 4 as a means to introduce otherwise inadmissible prior bad acts evidence.  The court disagrees.  In a criminal prosecution, evidence of flight possesses a strong presumption of admissibility.  *United States v. Chancellor,* 376 Fed.Appx. 826, 829 (10th Cir.2010).  Evidence of flight may be admitted even when more than one possible explanation exists for the departure.  *Id.*  The court will give the jury a limiting instruction in this regard.  As to the present motion, defendant has failed to meet his burden.

It is the order of the court that the motion of the defendant to sever counts (#47) is denied.

**ORDERED THIS 14th DAY OF JUNE, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**