IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-132-RAW |
| | ) | |
| KENDALL LEN BURGESS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is the motion in limine of the government and the motion of the defendant to exclude hearsay evidence. Both motions concern the same evidence. As pertinent, defendant is charged in Count One with aggravated sexual abuse in Indian Country and in Count Two with abusive sexual contact in Indian Country. In both counts, the alleged victim is P.G., who was seven years old at the time of the alleged crimes and is now nine years old.

The government seeks to introduce statements purportedly made by then seven-year-old P.G. to Ashley Davis (a family friend), Christina Tiger (P.G.'s mother) and Jawanna Wheeler (a child welfare interviewer) describing the alleged sexual abuse inflicted on her by the defendant. In its motion (#55), the government relies for admission solely upon Rule 807 F.R.Evid., the "residual exception" to the hearsay rule.

Hearsay is an out-of-court "statement . . . offer[ed] in evidence to prove the truth of

the matter asserted." Rule 801(c) F.R.Evid. It is not admissible, barring certain exceptions. *See* Rule 802. Rule 807 permits a hearsay statement to be admitted into evidence if it is (1) "supported by sufficient guarantees of trustworthiness – after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," and (2) "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."

Rule 807 should be used rarely and only in exceptional circumstances because to do otherwise would allow the exception to swallow the hearsay rule. *United States v. Jackson,* 334 Fed.Appx. 900, 910 (10th Cir.2009). Exceptional circumstances exist where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interests of justice. *Id.* Accordingly, the party offering the evidence bears a heavy burden of presenting the trial court with sufficient indicia of trustworthiness to trigger application of the rule. *Id.*

The government cites *United States v. Harrison,* 296 F.3d 994 (10th Cir.2002), in which the court quoted a treatise that "'courts regularly employ the residual exception in child abuse litigation.'" *Id.* at 1004 (citation omitted). In *Harrison*, however, the child victim recanted her earlier statements and testified for the defense. *Id.* at 1000. In the case at bar, the government "anticipates that P.G. will testify at trial." (#55 at 8). In *United States v. Peneaux,* 432 F.3d 882, 893 (8th Cir.2005), also cited by the government, the court stated that where the child's testimony is "inconsistent" or "unclear," the child's prior statements were

2

properly admitted under Rule 807. *See also United States v. White Bull,* 646 F.3d 1082, 1094 (8th Cir.2011)(exceptional circumstances exist when a child victim of sexual abuse is unable or unwilling to testify regarding a material issue). The court cannot make this determination until P.G. testifies, and even then would have to consider if the Tenth Circuit would follow the Eighth Circuit in this regard. The point is moot at this time, because Rule 807 will not be employed under the present record.

Defendant argues that the court need not even consider the inquiry, because "the government requests this Court to allow hearsay statements to bolster any in-court statements of the alleged victim. That is not the purpose of Rule 807." (#56 at 4). At the present time, the court agrees with the defendant -- up to a point. If P.G. testifies and is subject to cross-examination, the only purpose evidently served by the other proposed testimony is indeed bolstering. Prior consistent statements are not admissible for bolstering purposes. *See Tome v. United States,* 513 U.S. 150 (1995).

Perhaps recognizing this, in response to defendant's motion, the government asserts another avenue for admission, i.e., that the statements are non-hearsay because they are offered as "context" for why the investigation began in the first place. (#65 at 5). This is a fraught area as well. Out-of-court statements should not be admitted to explain why a law enforcement agency began an investigation if the statements present too great a danger of prejudice. *United States v. Cass,* 127 F.3d 1218, 1223 (10th Cir.1997). Hearsay evidence that directly goes to guilt is particularly difficult to limit to background purposes. *Id.* Generally,

the court considers "whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation." *United States v. Hinson,* 585 F.3d 1328, 1337 (10th Cir.2009).

In the case at bar, the court finds it is not necessary for the government to tell a "coherent story" by having all three of the proposed witnesses relate P.G.'s purported statements as "background," and certainly not in detail. The court may permit <u>generalized</u> testimony (most logically by P.G.'s mother) that P.G. made a statement and the statement prompted the witness to undertake certain investigative action.

Having said all this, the court notes that the parties have not addressed Rule 801(d)(1)(B) F.R.Evid. This Rule provides that a statement is not hearsay if the declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and the statement is offered (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying, or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[*].

In other words, this consideration could only be made <u>after</u> P.G.'s direct testimony and cross-examination. The trial court must ascertain the type of impeachment that has been attempted, and then evaluate whether the prior consistent statements offered for admission

---

[*]Where the declarant has already testified and the prior consistent statement is proferred through the testimony of another witness, the Rule's "subject to cross-examination" requirement is satisfied if the opposing party is not denied the opportunity to recall the declarant to the stand for cross-examination concerning the statement. *United States v. Caracappa,* 614 F.3d 30, 39 (2d Cir.2010).

would actually rehabilitate the declarant's credibility as a witness. Depending upon the nature of cross-examination, the prior statements might still be inadmissible. *See United States v. Magnan,* 756 Fed.Appx. 807, 818 (10th Cir.2018)(as to Rule 801(d)(1)(B)(ii), because the opposing party did not attempt to attack the witness's credibility on "another ground" distinct from (d)(1)(B)(i) – that is, he did not extract inconsistent statements or accuse the victims of misremembering the alleged abuses – admitting the prior consistent statements would not rehabilitate the declarant's credibility.)

The parties may wish to elaborate on their positions at the upcoming pretrial conference.

It is the order of the court that the motion in limine of the government (#55) and the motion in limine of the defendant (#58) are granted in part and denied in part as described above. "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.,* 2020 WL 1056306 at *1 (W.D.Okla.2020).

**ORDERED THIS 15TH DAY OF JUNE, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**